# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHANICE L. LOGGINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-23-887-SLP |
| SKYWEST AIRLINES, INC., | ) ) ) |
| Defendant. | ) ) |

### **O R D E R**

Before the Court is Plaintiff's pro se Motion for Order Sealing Document or Directing the Filing of Redacted Document [Doc. No. 48]. Plaintiff requests that her home address be removed from the public record in this action, including references in docket text, the Motion to Withdraw [Doc. No. 42] filed by her former counsel, and the Court's Order granting that Motion [Doc. No. 43].

Plaintiff asks that her home address be removed from the record primarily due to safety concerns. *See* Mot. [Doc. No. 48] at 1. She specifically states that she was sexually harassed and assaulted by three former coworkers employed at the time by Defendant.[1] She further represents that two of those former coworkers stalked her, and that she filed a police report regarding one of those individuals. *See id.* at 2.

The Court has thoroughly considered Plaintiff's representations against the presumption in favor of the public's right of access to judicial records. S*ee Eugene S. v.*

---

[1] The Court makes no ruling or observation regarding these representations as they pertain to the merits of this action, and it only discusses these matters as relevant to the motion to seal.

*Horizon Blue Cross Blue Shield*, 663 F.3d 1124, 1135 (10th Cir. 2011).  The Court finds the "countervailing interest[]" in Plaintiff's safety, in light of her representations, "heavily outweigh[s] the public interest in access" to the filings and other information in the docket referencing her address.  *See United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020).  Accordingly, Plaintiff's Motion is GRANTED, and references to her address will be sealed and removed from the Court's docket as set forth below.[2]

It appears to the Court, however, that Plaintiff's address of record provided by her former counsel is different than that which appears on her more recent filings.  *Compare* [Doc. No. 48]; *with* [Doc. Nos. 42, 43].  Plaintiff is responsible for providing notice of any change of address to the Court.  *See* LCvR 5.4 (requiring written notice of a change of address and further providing that papers sent by the Court are "deemed delivered if sent to the last known address given to the court.").  Accordingly, the Court will have this Order and a notice of change of address form mailed to the address on Plaintiff's more recent filings.  Plaintiff is directed to file notice of her current address, under seal, for use only by the Court and counsel for Defendant, within fourteen (14) days of the date of this Order.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Order Sealing Document or Directing the Filing of Redacted Document [Doc. No. 48] is GRANTED.  The Clerk of Court is directed to seal the following documents filed in this action: Doc. Nos. 42, 43, 44, 47, and 48.  The Clerk of Court is further directed to remove Plaintiff's

---

[2] The Court has ruled on this matter expeditiously without a response from Defendant due to the nature of the situation Plaintiff describes.  To the extent Defendant has an objection to the relief Plaintiff requests, it may file an appropriate motion after entry of this order.

address from the docket sheet and shall amend the docket annotation accompanying document number 43 to remove Plaintiff's address. Going forward, counsel for Defendants shall not include Plaintiff's address in their certificate of service and will state instead that the filing was "mailed to Plaintiff's address of record." Plaintiff shall be excused from providing her address on future filings in this action as would otherwise be required by Federal Rule of Civil Procedure 11(a) and LCvR5.4.

IT IS FURTHER ORDERED that, within fourteen (14) days of the date of this Order, Plaintiff shall file a notice of change of address, under seal, reflecting her address for service in this action for use only by the Court and counsel for Defendant. If she subsequently moves to a new address, Plaintiff will be responsible for filing an updated notice of change of address with the Court. *See* LCvR 5.4. Failure to apprise the Court or the Defendant of an accurate address for service, such that filings or orders are returned as undeliverable, may result in dismissal of this action without prejudice.

IT IS SO ORDERED this 22nd day of January, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE